**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Anthony MASON, Defendant–Appellant.**

No. 00–4549.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 28, 2001.

Decided March 27, 2002.

**ARGUED:** Brian Joseph Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Miller Allison Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Mary Lou Newberger, Acting Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by published opinion. Judge MICHAEL wrote the opinion, in which Judge MOTZ and Senior Judge HAMILTON joined.

## OPINION

MICHAEL, Circuit Judge.

James Anthony Mason appeals the district court's sentencing determination that he is a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (1998). Mason argues that he is not a career offender because his 1981 state conviction for unarmed robbery (committed when he was sixteen) should not have been counted. Mason's robbery conviction can be used to sentence him as a career offender under § 4B1.1 only if the offense would be counted in the computation of criminal history points under Guidelines § 4A1.2(d)(1). Section 4A1.2, application note 7, requires an adult sentence before the conviction can be counted. Because Mason received a

juvenile sentence for his 1981 robbery conviction, that conviction cannot serve to make him a career offender. We therefore vacate his sentence and remand for resentencing.

## I.

In April 2000 Mason pled guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). In the presentence report the probation officer assigned Mason a total offense level of 29. In addition, the probation officer concluded that Mason was a career offender, which automatically placed him in criminal history category VI. Mason objected to this conclusion, arguing that one of the convictions used to classify him as a career offender should not have been counted. According to Mason, that conviction, one for an unarmed robbery committed when he was sixteen, does not qualify under Guidelines § 4B1.1 because he was not convicted and sentenced as an adult. The district court overruled Mason's objection and adopted the probation officer's recommendation. As a result, Mason's total offense level of 29 and his criminal history category of VI yielded an imprisonment range of 151 to 188 months. On July 17, 2000, the district court sentenced Mason to 151 months in prison and three years of supervised release.

A defendant is a career offender under Guidelines § 4B1.1 if (1) he was at least eighteen when he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1 (1998). Mason conceded at sentencing that he met conditions (1) and (2). He also conceded that he had one prior felony conviction that qualified as a predicate offense under condition (3).

This was a 1990 federal conviction for a controlled substance offense that Mason committed when he was twenty-six. Mason argued, however, that a 1980 unarmed robbery, committed when he was a juvenile, did not result in an adult conviction and sentence and should not have been counted as a predicate offense.

The history of Mason's conviction and sentence for the unarmed robbery is as follows. On July 4, 1980, when he was sixteen, Mason was taken into custody in connection with a robbery in Kanawha County, West Virginia. The county prosecutor petitioned the circuit court (the state trial court) to transfer Mason's case from the court's juvenile jurisdiction to its adult (criminal) jurisdiction. The petition for transfer was granted, and a grand jury then indicted Mason on two counts of robbery and one count of malicious wounding. On July 24, 1981, Mason pled guilty to one count of unarmed robbery, a felony, in exchange for the dismissal of the other two counts. In its order adjudging Mason guilty of unarmed robbery, the court indicated that Mason understood that he could be sentenced to the West Virginia Penitentiary for an indeterminate term of five to eighteen years. Mason was not sentenced to the penitentiary, however. Instead, on August 7, 1981, the circuit court sentenced Mason as a juvenile offender under West Virginia Code § 49-5-13(e), which permitted such treatment even though Mason had been convicted under the court's adult jurisdiction. Specifically, Mason was sentenced to the custody of the Commissioner of Corrections until his twentieth birthday. Mason was confined to the Industrial Home for Boys until he turned eighteen on March 4, 1982, at which time his sentence was suspended and he was placed on three years probation. Mason got into trouble before his probation expired. On April 6, 1984, Mason was found to have violated

the conditions of his probation by breaking into an automobile and committing larceny and by possessing marijuana. His probation was revoked, and he was sent to the penitentiary for an indeterminate term of five to eighteen years. He was paroled in 1987 and discharged from parole in 1988.

At Mason's sentencing on the current offense the central issue was whether his 1981 conviction and sentence was an adult disposition that qualified as a predicate conviction for career offender status. The district court concluded that Mason "was prosecuted as an adult, a fact [that was] not altered" by the juvenile sentence imposed under West Virginia Code § 49–5–12(e). Thus, according to the district court, Mason had a second adult conviction under Guidelines § 4B1.2 that qualified as a predicate offense for career offender status. Mason appeals this legal determination, which we review de novo. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir.1989). We apply the November 1, 1998, Guidelines, which were in effect in July 2000 when Mason was sentenced on his current offense. *See* U.S.S.G. § 1B1.11(a) (1998).

## II.

■ Mason argues that the district court erred in using his 1981 conviction for a robbery offense, committed when he was sixteen, to classify him as a career offender. Specifically, Mason argues that Guidelines § 4B1.2, covering career offenders, directs the sentencing court to refer to § 4A1.2 to determine whether an offense can be counted. *See* U.S.S.G. § 4B1.2, cmt. n. 3 (1998). Mason further argues that under § 4A1.2(d)(1) and its commentary his 1981 conviction should be counted only if he received both an adult conviction and an adult sentence. Finally, Mason contends that because he was sentenced as a juvenile for the robbery conviction, that

conviction should not have been counted. We agree with Mason and hold that he should not have been classified as a career offender.

■ The career offender classification requires, among other conditions, that the defendant have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1 (1998). A " '[p]rior felony conviction' means a prior *adult* federal or state conviction...." U.S.S.G. § 4B1.2, cmt. n. 1 (1998) (emphasis added). Therefore, a juvenile conviction cannot be counted in determining whether a defendant is a career offender. In addition, not all adult convictions for violent crimes or drug offenses count towards career offender status. Before an adult conviction is counted, the Guidelines for computing criminal history must be consulted: "The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1." U.S.S.G. § 4B1.2, cmt. n. 3 (1998). Our court has been very clear about the role of § 4A1.2 in determining career offender status under § 4B1.1: "Whether a prior conviction must be counted under § 4B1.1 is determined by reference to § 4A1.2." *United States v. Bacon*, 94 F.3d 158, 161 (4th Cir.1996).

Section 4A1.2(d) deals with whether "Offenses Committed Prior to Age Eighteen" are to be included in the criminal history calculation:

(1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under § 4A1.1(a) for each such sentence.

(2) In any other case,

    (A) add 2 points under § 4A1.1(b) for each adult or juvenile sen-

tence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

(B) add **1** point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

The commentary to § 4A1.2 gives further instructions on how to count offenses committed prior to age eighteen:

Attempting to count every juvenile adjudication would have the potential for creating large disparities due to the differential availability of records. Therefore, *for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month,* or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense *are counted.*

U.S.S.G. § 4A1.2, cmt. n. 7 (1998) (emphasis added).

Mason was sixteen when he committed the robbery leading to the 1981 conviction that he claims the district court erroneously counted. When Mason commenced the offense in this case in 1999, more than five years had passed since his sentence and release from confinement under his 1981 conviction. For that reason, the 1981 conviction cannot be counted under § 4A1.2(d)(2). Therefore, if Mason's 1981 conviction is to be counted, it must qualify under § 4A1.2(d)(1). The guideline itself, § 4A1.2(d)(1), requires an adult conviction and "a sentence of imprisonment exceeding one year and one month." The related commentary explains that "only those [of-

fenses] that resulted in *adult* sentences ... are counted." U.S.S.G. § 4A1.2, cmt. n. 7 (1998) (emphasis added). If the commentary is followed, Mason's 1981 robbery conviction counts only if he was both convicted *and* sentenced as an adult. The government completely ignores the commentary and argues that a conviction for an offense committed prior to age eighteen counts "for career offender purposes if [it is] classified as an adult conviction." Br. of United States at 6.

■ The Guidelines commentary cannot be swept aside so easily. The Sentencing Commission offers commentary, such as the application note at issue here, to interpret or explain the Guidelines. *See* U.S.S.G. § 1B1.7 (1998). This interpretive role is "within the Commission's particular area of concern and expertise," and it is a role that assigns the Commission the "first responsibility" to speak. *Stinson v. United States,* 508 U.S. 36, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). The Commission's interpretive commentary is "akin to an agency's interpretation of its own legislative rules," *id.,* and the Commission's interpretation is therefore entitled to substantial deference, *see Thomas Jefferson University v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994). As a result, Guidelines commentary that "interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson,* 508 U.S. at 38, 113 S.Ct. 1913.

The question here is whether the commentary, § 4A1.2, cmt. n. 7, is inconsistent with Guidelines § 4A1.2(d). Specifically, did the Commission create an inconsistency when it explained in the commentary that "sentence of imprisonment" in § 4A1.2(d)(1) means an "adult sentence[ ] of imprisonment"? After examining the

different terms used in § 4A1.2(d), we conclude that the commentary is not inconsistent with the guideline. Rather, the commentary explains or clarifies what is implicit in the guideline.

■ Under § 4A1.2(d)(1) a conviction is counted if "the defendant was convicted as an adult and received a *sentence of imprisonment* exceeding one year and one month." (Emphasis added.) In contrast, under § 4A1.2(d)(2)(A) an adjudication is counted if it carried an "adult or juvenile *sentence to confinement* of at least sixty days" and "the defendant was released from such *confinement* within five years ... of the instant offense." (Emphasis added.) Thus, the Commission used the word "imprisonment" in subsection (1) of § 4A1.2(d), which applies only to adult convictions, but used the word "confinement" in subsection (2) of § 4A1.2(d) to cover both juvenile and adult dispositions. This accords with common usage: the word "imprisonment" is not customarily used in referring to a juvenile disposition; rather, milder words such as "confinement" or "detention" are typically used to describe a custodial disposition in a juvenile case. *See United States v. Davis*, 929 F.2d 930, 933 (3d Cir.1991); *United States v. Johnson*, 28 F.3d 151, 155–56 (D.C.Cir. 1994). The words "imprisonment" and "confinement" thus have different connotations. The Commission's explanation in the commentary that "sentence of imprisonment" in Guidelines § 4A1.2(d)(1) means "adult sentence[ ] of imprisonment" simply clarifies that when the Commission used the words "imprisonment" and "confinement" in the guideline, it intended for each word to carry a different connotation. Because the commentary, § 4A1.2, cmt. n. 7, explains the guideline and is not inconsistent, it is binding.[1] This means that if Mason's 1981 conviction is to be counted for career offender purposes, he must have received an adult conviction and an adult sentence of imprisonment exceeding one year and one month.

■ We turn, then, to the question of whether Mason was both convicted and sentenced as an adult in 1981 for his robbery offense. To determine whether a defendant was convicted as an adult, the Guidelines direct us to the laws of the state or jurisdiction where the defendant was convicted: "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." U.S.S.G. § 4B1.2, cmt. n. 1 (1998). It follows that the laws of the jurisdiction of conviction will also determine whether a defendant received an adult sentence for an offense committed prior to age eigh-

---

1. Our holding that the commentary is binding is in line with our court's recognition that the Commission is entitled to substantial deference in interpreting its Guidelines. The case of *United States v. Souther*, 221 F.3d 626 (4th Cir.2000), is a good example. The question in *Souther* was whether commentary that elaborated on a robbery guideline was inconsistent with the guideline. Guidelines § 2B3.1(b)(2)(E) provides that the offense level for robbery should be increased by three points "if a dangerous weapon was brandished, displayed, or possessed." Even though the guideline itself only refers to a dangerous weapon, the commentary provides a broader interpretation: "When an object that *appeared* to be a dangerous weapon was brandished, displayed, or possessed, [the court should] treat the object as a dangerous weapon for purposes of subsection (b)(2)(E)." U.S.S.G. § 2B3.1, cmt. n. 2 (1998) (emphasis added). We held that the commentary was consistent with the guideline, noting that it was proper for the Commission to use commentary to place an object that *appears* to be a dangerous weapon on the same footing as a dangerous weapon. *Souther*, 221 F.3d at 630–31. *Souther* supports the approach we have taken today in upholding the commentary.

teen. In Mason's case, we look to West Virginia law to find out whether he was convicted and sentenced as an adult.

Mason argues that he did not receive an adult conviction in 1981 for two reasons. First, he says that although he was prosecuted for a time under the state circuit court's adult jurisdiction, he "nevertheless remain[ed] a juvenile or child for purposes of" many provisions of the Child Welfare Chapter (Chapter 49) of the West Virginia Code. W. Va.Code § 49–1–2. Second, Mason points out that he was transferred back to the circuit court's juvenile jurisdiction for sentencing. This means, Mason argues, that the circuit court concluded that his transfer to adult jurisdiction was inappropriate and therefore his conviction should be deemed a juvenile adjudication. The district court, of course, concluded that Mason was prosecuted as an adult and received an adult conviction. At least two arguments support the district court's position. First, Mason was under the state court's adult jurisdiction when he was indicted and convicted. Second, the order adjudicating Mason's guilt has the look of an adult conviction order. The order found that Mason, based on his plea, was guilty of unarmed robbery, a felony. The order also stated that Mason could be sentenced to the state penitentiary for an indefinite term of five to eighteen years. (Mason could not have been confined in the penitentiary until he reached the age of eighteen, however. *See* W. Va.Code § 49–5–16(b).) For purposes of this case, we will assume without deciding that Mason received an adult conviction. That gets us to the much easier question of whether Mason was sentenced as an adult.

■ A juvenile convicted under adult jurisdiction in West Virginia is not automatically sentenced as an adult. Instead, as the Supreme Court of Appeals of West Virginia has recognized, the West Virginia Code gives a circuit court three options for sentencing such a juvenile:

First, under West Virginia Code § 49–5–13(e) ... where a juvenile is transferred and convicted under adult jurisdiction the court may, "in lieu of sentencing such person as an adult," make its disposition under the section 49–5–13 provisions for treatment of juveniles adjudged delinquent.... Second, a sentencing court may initially proceed under the Youthful Male Offender Act, suspending the imposition of an adult sentence and committing the individual to the custody of Commissioner of Corrections for placement in a rehabilitation center for youthful offenders.

Third, ... the court may simply sentence the juvenile as an adult.

*State v. Highland,* 174 W.Va. 525, 327 S.E.2d 703, 706 (1985) (citations omitted). West Virginia Code § 49–5–13(e), which authorizes the first option, provides that "if a juvenile charged with delinquency ... is transferred to adult jurisdiction and there tried and convicted, the court may make its disposition in accordance with this section [West Virginia Code § 49–5–13, relating to the disposition of juvenile delinquents] in lieu of sentencing such a person as an adult." This Code section "explicitly recognizes a circuit court's continuing ability to return a child to its juvenile jurisdiction—and provides that the circuit court, after the adjudicatory process of the court's adult jurisdiction is completed, may determine that a juvenile should be returned to the juvenile jurisdiction of the court." *State v. Robert K. McL.,* 201 W.Va. 317, 496 S.E.2d 887, 892–93 (1997). In short, under West Virginia Code § 49–5–13 a juvenile convicted in adult court may, in the court's discretion, be sentenced as a juvenile.

■ We begin our inquiry into the nature of Mason's 1981 sentence by noting

that the district court recognized that "the state court in its discretion imposed a juvenile sentence." The district court was correct in that conclusion because the state circuit court's disposition (or sentencing) order was made under its juvenile jurisdiction. The order said specifically that the "disposition [was] made pursuant to W. Va.Code [§ ] 49–5–13(e)," the section that allows a juvenile convicted in adult court to be sentenced as a juvenile. Juvenile jurisdiction continues only until the juvenile reaches the age of twenty-one, *see* W. Va. Code § 49–5–2(f), and the disposition order committed Mason to the custody of the Commissioner of Corrections until he reached the age of twenty. The order consistently referred to Mason as a "child," stating, for example, that "the superintendent of the institution to which the *child* is assigned … is hereby directed to receive him into his custody [and] to hold and care for and train and educate him as prescribed by law." (Emphasis added.) Finally, the order provided that Mason would be evaluated at the West Virginia Industrial School for Boys, a juvenile institution, before he was assigned to a facility. Mason was ultimately assigned to the Industrial School for Boys. From all of this, we also conclude that Mason was sentenced as a juvenile in 1981.[2]

The district court erroneously concluded that Mason's 1981 robbery conviction counted as a predicate offense for career offender status under § 4B1.1 because it was an adult conviction. Mason's juvenile sentence was irrelevant, according to the district court. As our court has made clear, however, whether a prior conviction can be counted as a predicate offense under § 4B1.1 must be determined by referring to § 4A1.2. For Mason's 1981 conviction to be counted under § 4A1.2(d)(1), an adult sentence was required, according to § 4A1.2, application note 7. Because Mason was sentenced as a juvenile on his 1981 conviction, that conviction cannot serve as a predicate felony under § 4B1.1. Because the 1981 conviction cannot be counted, Mason has only one predicate felony and therefore does not qualify for career offender status.[3]

We vacate Mason's sentence and remand for resentencing consistent with this opinion.

*VACATED AND REMANDED.*

---

**2.** The government does not contend that the circuit court's April 1984 order revoking Mason's probation led to an adult sentence that counts in the career offender calculation. The Assistant United States Attorney conceded this point at the sentencing hearing in this case, saying that a "probation violation after the fact while he's an adult is not a triggering conviction…. I don't think it would relate back, at least I haven't found anything that would suggest that."

**3.** We recognize that a few courts would not agree with us. In *United States v. Carrillo*, 991 F.2d 590, 593 (9th Cir.1993), for example, the Ninth Circuit held that an adult sentence is any sentence imposed after an adult conviction. This interpretation of the Guide-

lines ignores the commentary, U.S.S.G. § 4A1.2, cmt. n. 7 (1998), which recognizes that when a defendant commits an offense before he turns eighteen, he may be convicted as an adult but sentenced as a juvenile. When this happens, the conviction cannot subsequently be counted under § 4A1.2(d)(1) for career offender purposes. *Carrillo* also says that if the commentary (application note 7) is read to require an adult sentence, the commentary is inconsistent with Guidelines § 4A1.2(d)(1). As we have already said, the Commission was within the bounds of the consistency requirement when it offered commentary to explain that a "sentence of imprisonment" in § 4A1.2(d)(1) means an "adult sentence [ ] of imprisonment."