**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

No. 02-4504

JOSEPH JOEPETE CLARK, JR.,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-435)

Submitted: January 31, 2003

Decided: February 11, 2003

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Elizabeth Horton, HORTON and GSTEIGER, P.L.L.C., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Joepete Clark, Jr., pled guilty to distributing 26.5 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a), (b)(1)(B) (2000), and was sentenced as a career offender to a term of 220 months imprisonment. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2001). Clark contests the district court's determination that he had the necessary predicate convictions for a career offender sentence. We affirm.

A defendant is a career offender if (1) he was at least eighteen years old when he committed the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. A prior felony conviction must be "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year . . . ." USSG § 4A1.2, comment. (n.1). A conviction sustained before age eighteen may qualify as a predicate conviction "if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *Id.*

Clark had prior convictions for cocaine trafficking and for assault with a deadly weapon inflicting serious injury. Clark argues that the latter conviction, which he concedes was an adult conviction, may not be used as a predicate conviction under § 4B1.1 because he received a juvenile sentence. *See United States v. Mason*, 284 F.3d 555, 560 (4th Cir. 2002) (holding that adult conviction for which juvenile sentence imposed may not be predicate conviction under § 4B1.1). *Mason* dealt with a West Virginia sentencing scheme that permitted a defendant under eighteen who was convicted as an adult to be sentenced as a juvenile delinquent. North Carolina has no analogous statutory provision. *See* N.C. Gen. Stat. § 7A-611 (1995) (providing for immediate transfer to Department of Correction of juvenile convicted of criminal offense in superior court who receives active sentence).

The assault at issue here occurred when Clark was fifteen. He was initially charged as a juvenile, but his case was transferred to state

superior court and he was prosecuted as an adult. At age sixteen, Clark was given a suspended sentence of 20-33 months imprisonment with three years supervised probation and 120 days in the IMPACT (boot camp) program. Clark's probation was revoked a few months later, and he served nearly two years imprisonment in the North Carolina Department of Correction Western Youth Institution. Clark acknowledges that the North Carolina statutory sentencing scheme is not like the West Virginia statutes considered in *Mason*. However, he contends that, because he served his sentence in an institution designated by the North Carolina Department of Correction as a "youth facility" where male felons between the ages of 13 and 18 are housed with males between the ages of 19 and 22 who have been convicted of misdemeanors, he did not receive an adult sentence for his assault conviction. We conclude that the North Carolina Department of Correction's practice of housing younger inmates together and limiting the IMPACT program to younger inmates does not convert an adult sentence into a juvenile sentence of the kind at issue in *Mason*. Consequently, the district court did not err in treating Clark's assault conviction as a predicate conviction for career offender status.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*