**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                  No. 03-4575

DYWON MONTE POTTS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-370)

Submitted: December 24, 2003

Decided: March 9, 2004

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL, JOHNSON & BLACK-MON, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Dywon Monte Potts pled guilty to possession of 34.8 grams of cocaine base (crack) with intent to distribute, 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2003), and to possession of a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c) (2000). Potts received a sentence of 190 months imprisonment for the drug offense and a consecutive five-year sentence for the § 924(c) conviction. He appeals his sentence, arguing that the district court erred in sentencing him as a career offender. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2001). We affirm in part and dismiss in part.

A defendant is a career offender if (1) he was at least eighteen years old when he committed the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. A prior felony conviction must be "a prior adult federal or state conviction for an offense punishable by death or imprisonment for an offense exceeding one year . . . ." USSG § 4A1.2, comment. (n.1). A conviction sustained before age eighteen may qualify as a predicate conviction "if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *Id.*

Potts had prior North Carolina felony convictions for cocaine possession and trafficking and for common law robbery, offenses that he committed when he was seventeen. For all these offenses, he was prosecuted as an adult in state superior court. He received a suspended sentence of 6-to-8 months for the drug offense and 16-to-20 months for the robbery conviction, with five years supervised probation. In each case he violated probation, served at least four months in the North Carolina Department of Corrections, and was released in 2001. In 2001, at age twenty-two, Potts was again convicted in state

court of felony cocaine trafficking and received a suspended 10-to-12-month sentence. Probation was later revoked and Potts was serving this sentence when he was sentenced for the instant offense.

Potts contends that the cocaine offenses he committed when he was seventeen were juvenile adjudications that should not have been counted in his criminal history or treated as predicate convictions for a career offender sentence. The district court determined that the cocaine trafficking convictions were adult convictions and that Potts qualified for sentencing as a career offender.* We conclude that the district court did not err in this respect. Potts relied in the district court on *United States v. Mason*, 284 F.3d 555 (4th Cir. 2002), which dealt with a West Virginia sentencing scheme that permits a defendant under eighteen who is convicted as an adult to be sentenced as a juvenile. North Carolina has no similar provision. Moreover, Potts does not maintain here that his felony common law robbery conviction was a juvenile adjudication. That conviction and his 2001 conviction for cocaine trafficking were sufficient to qualify him for a career offender sentence.

Potts argues that a predicate conviction must be one for which criminal history points are awarded under § 4A1.2(d)(1) (providing for three criminal history points for prior offense committed before age eighteen where defendant convicted as adult and sentence of imprisonment exceeds one year and one month). However, as defined in § 4B1.2(c), the term "prior felony conviction" contains no such qualification. Predicate offenses must be counted separately, but points may be awarded under § 4A1.1(a), (b), or (c). Although the 1995 cocaine trafficking sentence was for less than one year, criminal history points were correctly given because Potts was released from confinement within five years of the instant offense. *See* USSG § 4A1.2(d)(2) & comment. (n.7).

Potts also requests a downward departure pursuant to § 4A1.3, p.s. The district court rejected his request for a sentence below the guide-

---

*The district court treated only Potts' cocaine trafficking offenses, not his simple possession convictions, as predicate offenses for a career offender sentence. *See* USSG § 4B1.2(b).

line range on this ground and we lack jurisdiction to review that decision. *United States v. Edwards*, 188 F.3d 230, 238-39 (4th Cir. 1999).

We therefore affirm the sentence imposed by the district court, but dismiss the appeal of the court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART*;
*DISMISSED IN PART*