UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 03-4448

RON KEITH MORRISON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CR-02-107-BR)

Submitted: January 28, 2004

Decided: March 12, 2004

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Samuel John Randall, IV, LAW OFFICES OF SAMUEL J. RANDALL, IV, P.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ron Keith Morrison was convicted by a jury of two counts of possession of ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Counts Two and Three), and one count of possession of cocaine base (crack) with intent to distribute, 21 U.S.C.A. § 841 (West 1999 & Supp. 2003) (Count Four), and was sentenced as a career offender to concurrent terms of 120 months for the § 922(g) convictions and 210 months for the drug offense. Morrison contends on appeal that the district court abused its discretion in permitting the government to cross-examine him about his prior misdemeanor convictions for carrying a concealed weapon and erred in sentencing him as a career offender. *U.S. Sentencing Guidelines Manual* § 4B1.1 (2002). We affirm.

Morrison was convicted of illegally possessing ammunition on February 25, 2002, and on August 31, 2002, and of possessing crack cocaine with intent to distribute on the latter date. Testifying in his own defense, Morrison denied all the charged conduct, contradicting the testimony of the various government witnesses, including testimony indicating that he had possessed a firearm as well as ammunition on February 25. On direct examination, Morrison denied possessing either a gun or ammunition on February 25, 2002. Later in his direct testimony he acknowledged that he had pled guilty to carrying a concealed weapon on that date, but resolved the inconsistency by testifying that he did not know to what charge he entered a guilty plea. He thus avoided an acknowledgment that his guilty plea was an admission that he had in fact possessed a gun on February 25. Although Morrison was not on trial for possession of a firearm on February 25, his denial of that fact was part of his defense of claiming that all allegations of unlawful possession made against him by the government's witnesses were untrue. Under cross-examination, Morrison stated that he had pled guilty to the February 25 charge of carry-

ing a concealed weapon even though he was not guilty, and did not understand that his guilty plea was an admission that he had actually possessed a firearm on February 25. The district court ruled that the government could introduce evidence of Morrison's three prior convictions for carrying a concealed weapon to impeach his claim that he did not understand the legal effect of a conviction of the offense.

Evidence of a defendant's "other crimes, wrongs, or acts is not admissible to prove" bad character but may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). Such evidence may not be more prejudicial than probative. Fed. R. Evid. 403. Evidence of prior conduct is admissible under Rule 404(b) and 403 if it is (1) "necessary in the sense that it is probative of an essential claim or an element of the offense;" (2) reliable, and (3) "its probative value" is not "substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). The district court's decision to admit evidence of prior bad acts is reviewed for abuse of discretion. *Id.* at 998. In *United States v. Lamarr*, 75 F.3d 964, 970-71 (4th Cir. 1996), this court held that evidence necessary to prove a defendant's lack of credibility is an issue separate from character that satisfies Rule 404(b).

Evidence of a prior felony conviction is admissible under Fed. R. Evid. 609 for the purpose of attacking the credibility of a defendant. *Lamarr*, 75 F.3d at 970. Generally, a prior misdemeanor conviction is admissible under the rule for attacking credibility only if the crime involved dishonesty or false statement. Fed. R. Evid. 609(a)(2). However, Rule 609 "does not address the admissibility of prior convictions when they are offered for another purpose." *United States v. Norton*, 26 F.3d 240, 243 (1st Cir. 1994) (conviction sustained more than ten years earlier, beyond Rule 609's time limit, was properly admitted to contradict defendant's misleading assertion). Thus, Rule 609 does not prevent the introduction of any prior conviction that is offered to prove the falsity of testimony offered by the defendant in his direct examination concerning a material issue. *Id.* at 243-44 (citations omitted). Applying these principles, we conclude that the rule did not preclude introduction of Morrison's prior misdemeanor conviction for carrying a concealed weapon under the circumstances, and the evi-

dence was not unfairly prejudicial to him. Therefore, the district court did not abuse its discretion in admitting the evidence.

Next, although Morrison concedes that his 1989 conviction for assault with a deadly weapon inflicting serious bodily injury, an offense committed when he was sixteen, was an adult conviction, he argues that it should not have been treated as a predicate conviction for career offender status, nor should the sentence have been counted in his criminal history, because his North Carolina committed youthful offender sentence was a quasi-juvenile sentence. Legal questions concerning the district court's application of the sentencing guidelines are reviewed de novo. *United States v. Bacon*, 94 F.3d 158, 161 (4th Cir. 1996).

A defendant is a career offender if (1) he was at least eighteen years old when he committed the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. A prior felony conviction must be "a prior adult federal or state conviction for an offense punishable by death or imprisonment for an offense exceeding one year . . . ." USSG § 4A1.2, comment. (n.1). A conviction sustained before age eighteen may qualify as a predicate conviction "if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *Id.*

Morrison relies on *United States v. Mason*, 284 F.3d 555 (4th Cir. 2002) (holding that adult conviction for which juvenile sentence imposed may not be predicate conviction under § 4B1.1). Morrison's reliance on *Mason* is misplaced, as it deals with a West Virginia sentencing scheme that permits a defendant under eighteen who is convicted as an adult to be sentenced as a juvenile, while the North Carolina Youthful Offender Act had no similar provision.* A youthful offender sentence was one type of adult sentence. Because *Mason* is inapposite, Morrison has not demonstrated that the district court erred in deciding that his North Carolina committed youthful offender sentence was an adult sentence.

---

*The Youthful Offender Act was repealed in 1995. *See* N.C. Gen. Stat. § 148-49.10 (2001).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*