**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4127

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEWIS MOSES BYRD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:03-cr-00067)

Submitted: October 20, 2006          Decided: December 6, 2006

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

E. James Chandler, II, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Kimlani Murray Ford, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lewis Moses Byrd pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). The district court sentenced Byrd to a total of 382 months' imprisonment. Byrd appealed.[1]

Byrd's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but seeking review of Byrd's sentence for unreasonableness. The district court found Byrd qualified as a career offender pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2003). Counsel contends the district court's decision to sentence Byrd according to this provision amounted to a failure to treat the Sentencing Guidelines as advisory pursuant to United States v. Booker, 543 U.S. 220 (2005), and resulted in an excessive sentence. Because counsel raises this issue for the first time on appeal, it is reviewed for plain error.[2] See United States v. Olano, 507 U.S. 725, 733-37 (1993).

---

[1]The plea agreement contains a waiver of appellate rights. However, the Government has not sought to enforce it.

[2]Byrd has filed a pro se supplemental brief. However, the issues he asserts are also raised for the first time on appeal and are thus likewise reviewed for plain error.

After Booker, we review a district court's sentence "for unreasonableness." Booker, 543 U.S. at 261; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). A sentencing court is no longer bound by the range prescribed by the advisory Sentencing Guidelines. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); Hughes, 401 F.3d at 546. In determining the sentence, however, courts are still required to calculate and consider the Guidelines range, as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). "The district court need not discuss each factor set forth in § 3553(a) in checklist fashion; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006) (quotation omitted), cert. denied, 126 S. Ct. 2054 (2006).

"[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." Green, 436 F.3d at 457 (internal quotation marks and citation omitted). Byrd's sentence was within the properly calculated Guidelines range, and is thus presumptively reasonable. Upon review, we conclude that Byrd has not overcome this presumption, and that his sentence is reasonable.

In his pro se supplemental brief, Byrd claims he was not fully apprised of the mandatory minimum of ten years' imprisonment

under § 924(c) for discharging a firearm.  The record belies this claim.  The plea agreement explicitly made Byrd aware of this penalty, and Byrd indicated during the Fed. R. Crim. P. 11 hearing that he understood and agreed with the terms of the plea agreement.  Upon review, we conclude Byrd knowingly and voluntarily entered his guilty plea, with an understanding of its consequences.  See United States v. Wood, 378 F.3d 342, 349 (4th Cir. 2004).

Byrd also claims the district court improperly counted his 1991 second degree murder conviction as a predicate felony committed by an adult for career offender status because he was seventeen years old at the time of that conviction.  A defendant is a career offender if (1) he was at least eighteen years old when he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense.  A prior felony conviction must be "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year[3] . . . ."  USSG § 4A1.2, comment. (n.1).

_____

[3]Byrd's 2002 conviction for possession with intent to sell or deliver cocaine is a permissible predicate offense for a career offender finding, even though Byrd was sentenced to an eight to ten-month suspended sentence and served only a thirty-day jail term for the offense.  The relevant question is whether any defendant charged with the crime could receive a sentence of more than one year, not whether Byrd in particular did or could have.  That is, the court must consider "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible

A conviction sustained before age eighteen may qualify as a predicate conviction "if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Id.

Byrd relies on United States v. Mason, 284 F.3d 555 (4th Cir. 2002), which concludes that an adult conviction for which a juvenile sentence was imposed may not be counted as a predicate conviction under § 4B1.1, but such reliance on Mason is misplaced. Mason involved a West Virginia sentencing scheme that permits a defendant under eighteen who is convicted as an adult to be sentenced as a juvenile, while the North Carolina Youthful Offender Act had no similar provision.[4] A youthful offender sentence was one type of adult sentence. Because Mason is inapposite, Byrd has not demonstrated the district court erred in deciding that his North Carolina youthful offender sentence was an adult sentence.[5]

---

criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005). Byrd's 2002 conviction was a Class H felony, which carries a maximum of thirty months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c), (d) (2003).

[4]The North Carolina Youthful Offender Act was repealed in 1995. See N.C. Gen. Stat. § 148-49.10 (2001).

[5]Additionally, Byrd's contention that the district court violated Booker when it deemed Byrd was a career offender after finding the fact of his prior convictions is meritless. See United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.) (stating that the rule of Almendarez-Torres v. United States, 523 U.S. 224 (1998), was not overruled by Booker and remains the law), cert. denied, 126 S. Ct. 640 (2005).

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Byrd's convictions and sentence. We deny Byrd's motion to compel his counsel to surrender all documents relating to the appeal. This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>