**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5296**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ART DEWARREN FOSTER,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (7:06-cr-00147-HMH)

---

Submitted:  November 14, 2007      Decided:  December 21, 2007

---

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael D. Brown, RAINEY & BROWN, LLC, Spartanburg, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Art Dewarren Foster pleaded guilty to conspiring to possess with intent to distribute fifty kilograms or more of cocaine and fifty grams or more of cocaine base and was sentenced to 210 months in prison. On appeal, Foster's attorney has filed an Anders brief,[1] stating that there are no meritorious grounds for appeal but raising the issue of whether the district court complied with Fed R. Crim. P. 32(i)(3)(B) in ruling on Foster's objection to the Presentence Report ("PSR"). Foster has filed a pro se supplemental brief arguing that he was improperly determined to be a career offender. After a thorough review of the record, we affirm.

Under Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure, a district court must rule on objections to the PSR or find that a ruling is unnecessary because the disputed matter will not affect sentencing or will not be considered in sentencing. Counsel suggests the district court erred in ruling on Foster's objection to his classification as a career offender by relying on the PSR and the investigation conducted by the probation officer, without viewing the original state court sentencing sheets.

We conclude the district court properly considered and ruled at sentencing on Foster's objection to career offender status based on his 1996 convictions. Moreover, the district court did

_____

[1]Anders v. California, 386 U.S. 738 (1967).

not err in relying on the information contained in the PSR and the testimony of the probation officer at sentencing. When, as here, the district court relies on information in the PSR in making findings, the defendant bears the burden of establishing that the information relied on by the district court is incorrect; mere objections are insufficient. United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998). The only information in the PSR Foster claimed was inaccurate was his date of birth. He did not dispute that he was convicted in South Carolina's General Sessions court and was sentenced under South Carolina's Youthful Offender Act. Nor did he dispute the PSR's recitation of the sentences imposed and time served on those sentences. These facts, rather than Foster's age, were relevant to the court's determination that the prior convictions were predicate felonies for career offender classification.

Career offender classification requires, among other conditions, that the defendant has at least two prior felony convictions for crimes of violence or drug offenses. See U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1. The Sentencing Guidelines define "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of . . . the actual sentence imposed." USSG § 4B1.2, comment. (n.1). Furthermore, "[a] conviction for an offense committed before age

eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted. . . ." Id.

In addition, before an adult conviction is counted for career offender purposes, the court must consult the guidelines provision for computing criminal history. USSG § 4B1.2, comment. (n. 3). United States v. Mason, 284 F.3d 555, 558 (4th Cir. 2002). Offenses committed prior to age eighteen are to be included in the criminal history calculation if: the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, § 4A1.2(d)(1); the defendant has an adult or juvenile sentence to confinement of at least sixty days and was released from such confinement within five years of his commencement of the instant offense, § 4A1.2(d)(2)(A); or the defendant has an adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense, § 4A1.2(d)(2)(B).

South Carolina does not consider youthful offender convictions as either adult or juvenile; instead, it gives trial judges the discretion to treat youthful offenders as either juveniles or adults depending on the circumstances of the case. S.C. Code Ann. § 24-19-50; see United States v. Pinion, 4 F.3d 941, 944 (11th Cir. 1993). Thus, proceeding under the analysis of USSG § 4A1.2, both Foster's 1996 convictions are countable under

§ 4A1.2(d)(2)(A). Foster was released from confinement on the armed robbery convictions on May 30, 2003. On the assault charge, Foster's parole was revoked on August 6, 2004, and he was ordered incarcerated for sixty days to be served on weekends. The PSR does not reveal when or whether this confinement ended, but at the earliest, it was March 2005. Both of these dates are well within five years of October 2005, the commencement of the instant offense.[2] Accordingly, the district court properly considered Foster's 1996 convictions as predicate felonies for career offender purposes.

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none. Accordingly, we affirm Foster's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions

---

[2]Because Foster actually served approximately four years on the armed robbery convictions, his convictions arguably count toward career offender status under USSG § 4A1.2(d)(1). Nevertheless, because Foster's armed robbery conviction is clearly countable under § 4A1.2(d)(2)(A), it is unnecessary to decide whether it is also countable under § 4A1.2(d)(1).

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED