**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 08-4419**

—————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

LOUIS VINCENT BROWN,

              Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:07-cr-00422-PMD-l)

—————————

Submitted:  April 8, 2009          Decided:  April 27, 2009

—————————

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

—————————

Affirmed by unpublished by per curiam opinion.

—————————

Joshua S. Kendrick, Columbia, South Carolina, for Appellant.
Alston Calhoun Badger, Jr., Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis Vincent Brown pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count One), use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) (Count Two),[*] and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006) (Count Three), and was sentenced to a total of 262 months in prison. Brown timely appealed.

Counsel for Brown filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court properly accepted Brown's guilty pleas and sentenced Brown as a career offender. Brown filed a pro se brief arguing (1) the Government breached the plea agreement when it argued for a career offender sentence enhancement, (2) Brown was denied the effective assistance of counsel, and (3) the district court erred in sentencing Brown as a career offender. Finding no reversible error, we affirm.

---

[*] Brown entered a guilty plea to Count Two pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).

2

I.

Counsel first questions whether the district court properly accepted Brown's guilty pleas. Our careful review of the record convinces us the district court complied with the mandates of Fed. R. Crim. P. 11. Further, the court ensured that Brown entered his pleas knowingly and voluntarily, including his Alford plea to Count Two, and that the pleas were supported by an independent factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

II.

Counsel next questions whether the district court properly designated Brown as a career offender, noting that Brown's predicate offenses were imposed under South Carolina's Youthful Offender Act, S.C. Code Ann. §§ 29-19-10 to -160 (2005 Cum. Supp.). However, counsel concedes the district court properly determined that Brown's state convictions were adult convictions, for which Brown received and served an adult sentence. We agree that the convictions under the state Youthful Offender Act were properly considered in designating Brown a career offender. See USSG §§ 4B1.1, 4B1.2 cmt. n.1; cf. United States v. Mason, 284 F.3d 555 (4th Cir. 2002) (remanding for a determination of whether Mason received adult sentence of over one year and one month).

3

In his pro se brief, Brown argues that he was denied his Sixth Amendment right to effective assistance of counsel when counsel advised him to plead guilty in the absence of a factual basis to support the plea to Count Two. As we have found an adequate factual basis for the Alford plea, it is apparent on the current record that this claim lacks merit. We have examined Brown's other pro se claims and find them similarly without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4