<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4775**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBERT DWAYNE EARLY, a/k/a Dollar Rob,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Glen E. Conrad, District Judge.  (7:08-cr-00041-gec-3)

Submitted: February 25, 2010      Decided:  March 18, 2010

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John E. Davidson, DAVIDSON & KITZMAN, PLC, Charlottesville, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Lanny A. Breuer, Assistant Attorney General, Greg D. Andres, Acting Deputy Assistant Attorney General, Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Robert Dwayne Early guilty of one count of conspiracy to distribute one hundred grams or more of heroin, in violation of 21 U.S.C. § 846 (2006), one count of attempted possession with the intent to distribute heroin and two counts of distribution and possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006). The district court determined that Early was a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2008) and calculated his advisory Guidelines range at 360 months to life imprisonment. After imposing a downward departure, the district court sentenced Early to 324 months' imprisonment. On appeal, Early contends that the district court improperly classified him as a career offender. Specifically, he asserts that the court improperly counted his 1988 New Jersey conviction for possession with the intent to distribute cocaine, an offense committed when he was seventeen, as a predicate felony for career offender status because he did not receive an adult sentence for that conviction. Finding no error, we affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting

2

this review, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range." Id. at 51. In reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Layton, 564 F.3d 330, 334 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009).

Section 4B1.1(a) of the Guidelines provides that a defendant is a career offender if, among other conditions, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a)(3). A "prior felony conviction" is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 4B1.2, cmt. n.1 A conviction for an offense committed before age eighteen is "an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Id.

In this case, when Early was seventeen years old, he was arrested, and law enforcement officials seized seventy vials of cocaine base from him. Although his case was initially assigned to the Family Part of the Superior Court, the state

3

trial court with exclusive jurisdiction where a juvenile is charged with an act of delinquency, see N.J. Stat. Ann. § 2A:4A-22(a), :4A-23(a), :4A-24(a) (West 2009), the trial court referred Early's case to the Criminal Division of Superior Court, the adult criminal trial court of record, see id. § :4A-26 – :4A-27. Under New Jersey law, the effect of such a referral is that the "case shall thereafter proceed in the same manner as if the case had been instituted in that court in the first instance." Id. § :4A-28. Early was subsequently indicted and pled guilty in the criminal division to felony possession of a controlled dangerous substance with intent to distribute, in violation of N.J. Stat. Ann. § 24:21-19a(1) (West 1987) (repealed 1987). Under New Jersey law, then, Early was convicted as an adult, see United States v. Moorer, 383 F.3d 164, 168-69 (3d Cir. 2004), and the 1988 conviction therefore qualified as an "adult conviction" under USSG § 4B1.2, cmt. n.1.[*]

Relying on United States v. Mason, 284 F.3d 555, 561 (4th Cir. 2002) (holding that a conviction for which a juvenile

---

[*] Insofar as Early challenges the career offender designation on the basis that the record fails to disclose whether he or New Jersey moved for the transfer from the family part to the criminal division of the state superior court, Early fails to put forth anything to overcome the presumption of regularity afforded to official proceedings, see, e.g., USPS v. Gregory, 534 U.S. 1, 10 (2001); Koch v. United States, 150 F.2d 762, 763 (4th Cir. 1945).

4

sentence was imposed could not be a predicate conviction under USSG § 4B1.1 (1998)), Early contends the New Jersey conviction cannot serve as a predicate felony for career offender status because he was ordered to serve his sentence at the New Jersey Youth Correctional Institution Complex. However, Early fails to establish that he received a juvenile sentence, as New Jersey law specifically authorizes the confinement of adults less than thirty-one years of age at that facility. See N.J. Stat. Ann. § 30:4-147 (West 2009). Moreover, Mason is inapposite, as that case involved a West Virginia sentencing scheme that permits a defendant under eighteen who is convicted as an adult to be sentenced as a juvenile, see Mason, 284 F.3d at 561-62. New Jersey, by contrast, has no similar scheme, see Moorer, 383 F.3d at 168-69.

Accordingly, we conclude that the district court did not commit procedural error in sentencing Early as a career offender. Early raises no challenge to the substantive reasonableness of his sentence, and we therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5