**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4776**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID J. CULLEN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:14-cr-00020-GMG-RWT-1)

Submitted: April 22, 2015          Decided: April 28, 2015

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Mark Sutton, SUTTON & JANELLE, PLLC, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Anna Krasinski, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David J. Cullen appeals the 151-month sentence imposed by the district court after he pled guilty to aiding and abetting the distribution of heroin, in violation of 18 U.S.C. § 2 (2012) and 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). On appeal, Cullen contends that the district court erred by applying the career offender enhancement of U.S. Sentencing Guidelines Manual § 4B1.1 (2013), and that his sentence is substantively unreasonable. We affirm.

Because Cullen did not object to his career offender status in the district court, we review this issue for plain error. United States v. Price, 777 F.3d 700, 711 (4th Cir. 2015) (discussing standard). A defendant qualifies as a career offender if, as relevant here, he had two prior felony convictions for a crime of violence or a controlled substance offense. USSG § 4B1.1(a). Cullen argues that one of the convictions on which the district court relied does not qualify as a predicate offense for purposes of § 4B1.1(a). He claims, pursuant to § 4A1.2(d), that his age at the time he was convicted, coupled with the conviction's staleness, prevents reliance on the conviction as a predicate for career offender purposes. We disagree.

To qualify as a predicate conviction under § 4B1.1(a), a conviction must be counted separately under § 4A1.1(a)-(c).

USSG § 4B1.2(c) & n.3; United States v. Mason, 284 F.3d 555, 558 (4th Cir. 2002). Section 4A1.2(d) restricts the prior convictions that may be counted for purposes of § 4A1.1(a)-(c), based on the defendant's age at the time he committed the predicate offense. See USSG § 4A1.2(d). We conclude that the prior conviction was appropriately counted under § 4A1.1(a). Cullen concedes that he was convicted as an adult, and his sentence of imprisonment—which included the term of imprisonment he served following the revocation of his probation for the underlying conviction, USSG § 4A1.2(k)(1)—exceeded one year and one month and fell within the relevant time period. USSG § 4A1.2(d)(1), (k)(2)(A). Therefore, Cullen has not shown that the district court erred, much less plainly erred, by counting the challenged conviction as a predicate for career offender purposes.

Next, Cullen claims that the district court failed to appropriately weigh the 18 U.S.C. § 3553(a) (2012) factors in light of his background and the circumstances of his offense. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015). Having found no procedural error, see Lymas, 781 F.3d at 111, "we proceed to 'assess the substantive reasonableness of the sentence imposed,'" id. at 112 (quoting

3

Gall, 552 U.S. at 51), under "the totality of the circumstances," Gall, 552 U.S. at 51. "[A] sentence within a properly calculated advisory Guidelines range is presumptively reasonable" on appeal. United States v. Dowell, 771 F.3d 162, 176 (4th Cir. 2014) (internal quotation marks omitted). "A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." Id. (internal alteration and quotation marks omitted).

Here, the record shows that the district court listened to Cullen's arguments, balanced Cullen's background and the circumstances of his offense with his rehabilitation efforts, and concluded that a sentence at the bottom of the Guidelines range satisfied the sentencing objectives in § 3553(a). Cullen has failed to rebut on appeal the presumption of reasonableness accorded his within-Guidelines sentence. Thus, the district court did not abuse its discretion in sentencing Cullen.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED