

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2004

# USA v. Moorer

Precedential or Non-Precedential: Precedential

Docket No. 03-2476

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Moorer" (2004). *2004 Decisions.* Paper 275.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/275

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2476
_____

UNITED STATES OF AMERICA

v.

LAVERN MOORER,


Appellant
_____

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE
District Court Judge: The Hon. Sue L.
Robinson
(No. 01-CR-071)
_____

Argued: May 5, 2004


BEFORE: SLOVITER and FUENTES,
Circuit Judges,
and POLLAK, District Judge.*

_____

* Honorable Louis H. Pollak, Senior
District Judge for the United States
District Court for the Eastern District of
Pennsylvania, sitting by designation.

(Opinion Filed: September 20, 2004)
_____


Gavin P. Lentz, Esq. [ARGUED]
David P. Heim, Esq.
Bochetto & Lentz, P.C.
Philadelphia, PA 19102

*Counsel for Appellant*


Edmond Falgowski
Assistant United States Attorney
District of Delaware

Elizabeth A. Olson [ARGUED]
Appellate Section, Criminal Division
United States Department of Justice
P.O. Box 899, Ben Franklin Station
Washington, DC 20044

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____


FUENTES, Circuit Judge:

In October 2001, Appellant Lavern
Moorer was charged with possession with
the intent to distribute cocaine and
possession of a firearm. A year later,
Moorer pled guilty and was sentenced to a

term of 120 months in prison. Factored into this sentence was the District Court's decision to designate Moorer a "career offender," a designation arrived at by including Moorer's 1990 conviction for aggravated assault. The principal issue on appeal is whether Moorer's 1990 conviction counts toward establishing his career offender status, even though Moorer was only 17 years old at the time. Because we find that Moorer's 1990 conviction is a "prior felony conviction" for purposes of career offender status, we affirm the judgment of the District Court.

## I. Background

The account of Moorer's relevant criminal history begins in 1989, at which time he was serving a term of juvenile confinement for possession with intent to deliver cocaine. In an attempt to escape from his juvenile detention, Moorer assaulted a corrections officer, and was convicted of this offense in New Jersey Superior Court in May 1990. The court sentenced Moorer to an indeterminate term of incarceration (not to exceed five years) at Yardville Youth Reception Center, a facility housing older juveniles and younger adults under the control of the New Jersey Department of Corrections. In 1994, while still on parole for his 1990 conviction, Moorer was convicted of possession with intent to deliver marijuana and cocaine, both controlled substances, within a school zone. Moorer was sentenced to five years in prison for that offense. Finally, in August 2001, Moorer was arrested and charged with procuring, with the intent to distribute, almost 6 kilograms of cocaine, and possession of a .380-caliber semi-automatic pistol.

Moorer pled guilty to the 2001 offenses of possession with intent to distribute more than 500 grams of cocaine and unlawful possession of a firearm in August 2002. Moorer's Presentence Investigation Report ("PSR") initially assigned him a criminal history category of V. However, pursuant to U.S. Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 4B1.1(a), the PSR dubbed Moorer a "career offender:"

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Specifically, the PSR counted as Moorer's "two prior felony convictions" 1) his 1990 conviction for aggravated assault committed while escaping from a juvenile detention facility; and 2) his 1994 conviction for possession with intent to deliver marijuana and cocaine within a school zone. As such, Moorer's criminal history category was increased to VI. Id. at § 4B1.1(b). Using an offense level of 31 for a Category VI offender, the District Court calculated a sentence range of 188-

235 months. The Court then granted a downward departure for substantial assistance to the government, resulting in a final sentence of 120 months. Moorer timely appealed. The primary issue on appeal is whether Moorer's 1990 conviction should have counted toward career offender status.

## II. Jurisdiction

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over the District Court's sentencing decision pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## III. Standard of Review

We apply a plenary standard of review over the District Court's interpretation of the Sentencing Guidelines. E.g., United States v. Lennon, 372 F.3d 535, 538 (3d Cir. 2004).

## IV. Discussion

Moorer's main argument on appeal is that his 1990 conviction should not count toward career offender status because he was sentenced as a juvenile rather than an adult.[1] However, Moorer does not contest that he was convicted as an adult. Rather, Moorer contends that a conviction is a "prior felony conviction" under § 4B1.1(a) only if *both* 1) the conviction occurs in an adult proceeding (instead of in juvenile court), and 2) the conviction results in an adult sentence. Moorer asserts that his sentence for the 1990 conviction for aggravated assault was served concurrently with a prior sentence that he was already serving pursuant to a juvenile adjudication, and was therefore a juvenile sentence.

In our view, the Guidelines belie Moorer's premise that an adult conviction must be accompanied by an adult sentence to count toward career offender status. The Guidelines offer the following definition of "prior felony conviction" for purposes of §4B1.1(a):

---

[1] Moorer nominally presents a second argument based on Due Process, but this argument is merely a reiteration of his claim that he should not be considered a career offender because his 1990 conviction resulted in a juvenile sentence.

"Prior felony conviction" means a prior adult federal or state *conviction* for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and *regardless of the actual sentence imposed. . . . A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted.*

U.S.S.G. § 4B1.2, cmt. n.1 (emphasis added) (hereinafter "Note 1"). Note 1 clearly defines a "prior felony conviction" purely in terms of the kind of conviction the defendant had, not the kind of sentence. Note 1 specifically explains that a prior felony conviction includes any state conviction that was counted as an adult conviction by the laws of that state "regardless of the actual sentence imposed." Id. While it is true, as Moorer asserts, that the phrase "sentence of imprisonment" implies incarceration in an adult facility[2], where or for how long the defendant is *actually* sentenced is of no import. Instead, Note 1 focuses on what punishment could follow the conviction

for such an offense, and includes in the career offender calculation federal and state adult convictions for all offenses, felonies or otherwise, which *could* be punished by death or a term of imprisonment of a year or more. Note 1 does not impose a separate sentence requirement but places the entire focus on the conviction itself, defining includable convictions by the extent to which they can be punished in the relevant jurisdiction. Accordingly, the clear language of Note 1 refutes Moorer's attempt to make his *sentence* classification the fulcrum of his career offender determination.

Ignoring Note 1, Moorer attempts to import purportedly helpful language from U.S.S.G. § 4A1.2. First, Moorer points to U.S.S.G. § 4B1.2, cmt. n.3 (hereinafter "Note 3"), which instructs: "The provisions of § 4A1.2 . . . are applicable to the counting of convictions under § 4B1.1." § 4A1.2(d)(1), in turn, states that an offense committed prior to age eighteen counts toward one's criminal history when "the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month." Moorer, however, relies on § 4A1.2, cmt. n.7 (hereinafter "Note 7"), which states that "for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted." Moorer

---

[2] In New Jersey, the term "imprisonment" is not customarily used when referring to a juvenile disposition. Juvenile custodial adjudications are described instead in terms of "incarceration." See N.J. Stat. Ann. § 2A:4A-43, 44.

seizes upon the phrase "adult sentences" and asks us to follow the Fourth Circuit's rule from United States v. Mason, 284 F.3d 555, 559 (4th Cir. 2002), that a conviction before age eighteen "counts only if [the defendant] was both convicted *and* sentenced as an adult" (emphasis in original).

We respectfully decline to follow the Fourth Circuit's view on this issue, as we agree with the Ninth Circuit that the phrase "adult sentences of imprisonment" in Note 7 can naturally be read "to be a shorthand reference to those defendants who were 'convicted as an adult and received a sentence of imprisonment.'" United States v. Carrillo, 991 F.2d 590, 593-94 (9th Cir. 1993) (quoting U.S.S.G. § 4A1.2(d)(1)); accord United States v. Pinion, 4 F.3d 941, 945 (11th Cir. 1993). We believe that Carrillo's interpretation of Note 7 is preferable to Mason's interpretation for two reasons. First, and most importantly, a "sentenced as an adult" requirement in Note 7 would directly conflict with Note 1. As discussed above, Note 1 dictates that the career offender inquiry examine only whether the convictions in question are adult convictions, and not what kind of sentences resulted from those convictions. In light of this dictate, it would make little sense for Note 3 to then import a contradictory instruction from § 4A1.2, which is the result under the rule in Mason. In contrast, taking Carrillo's approach to Note 7 would harmonize it with Note 1 by placing the focus of the career offender inquiry on the nature of the

convictions.

Second, requiring adult sentencing in addition to an adult conviction would add a significant new element to criminal history calculations that is unstated in the actual text of the Guidelines. Carrillo, 991 F.2d at 594. The text of § 4A1.2(d)(1) encompasses all situations where "the defendant was convicted as an adult" and received a sentence of requisite length. If the Sentencing Guidelines Commission had wished to require both an adult conviction *and* an adult sentence for criminal history purposes, it could have easily written § 4A1.2(d)(1) to reflect that wish: i.e, "If the defendant were convicted and sentenced as an adult to a term of imprisonment . . ." Based on these reasons, we hold that an adult conviction qualifies as a "prior felony conviction" for purposes of career offender status whether that conviction results in an "adult" or "juvenile" sentence. Because Moorer does not contest that his 1990 conviction was an adult conviction, we find that it properly counted toward his career offender status.

In closing, we note our disagreement with Moorer's contention that his 1990 conviction resulted in a "juvenile sentence" because that sentence was served at Yardville Youth Reception Center, and because it was made to run concurrently with his remaining juvenile disposition. As the government points out, New Jersey law makes it clear that once a juvenile is referred to an adult court, his entire case falls under the Code of Criminal Justice rather than the Code of Juvenile Justice. N.J. Stat. Ann. § 2A:4A-

26; see also, e.g., State in Interest of A.B., 520 A.2d 783, 787 n.3 (N.J. Super. Ct. App. Div. 1987). When such a referral occurs, the juvenile's case is treated in the adult court "in the same manner as if the case had been instituted in that court in the first instance." N.J. Stat. Ann. § 2A:4A-28. In this case, we have no reason to believe that Moorer's sentence was anything other than an adult sentence. Indeed, we have found no authority under New Jersey law that would permit a judge to impose a juvenile "sentence" based on an adult conviction for a crime.[3] This stands in marked contrast to the West Virginia law discussed in Mason, which explicitly allows for a defendant under eighteen to be sentenced under juvenile delinquency law even after being convicted under adult jurisdiction. 284 F.3d at 561 (citing State v. Highland, 327 S.E.2d 703, 706 (W. Va. 1985)). The fact that Moorer was remanded to Yardville to serve out the sentence for his 1990 conviction actually undermines his argument, because Yardville is a facility that houses adults *and* is under the control of the Department of Corrections rather than the Department of Human Services . In short, Moorer's "juvenile sentence" argument is unavailing both on legal principles and on the facts of this particular case.

---

[3] Under the New Jersey Code of Juvenile Justice, juveniles who are adjudicated delinquent are not sentenced but rather are subject to a "dispositional hearing." N.J. Stat. Ann. § 2A:4A-41.

## V. Conclusion

After carefully considering the arguments discussed above, we affirm the District Court's sentencing judgment.[4]

---

[4] Moorer submitted a pro se brief arguing that under Blakely v. Washington, 124 S.Ct. 2531 (2004), a jury should have determined whether he was a career offender. We reject this argument, as Blakely governed only factual determinations, and Moorer's status as a career offender was purely a matter of law under the Sentencing Guidelines.