

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2004

# USA v. Hartman

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1956

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Hartman" (2004). *2004 Decisions*. Paper 59.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/59

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1956

UNITED STATES OF AMERICA

v.

CHRISTOPHER WENDELL HARTMAN
a/k/a Chris

CHRISTOPHER HARTMAN,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 02-cr-000015-4E)
District Judge: Hon. Maurice B. Cohill, Jr.

Argued on December 19, 2003

Before: ROTH and MCKEE, <u>Circuit Judges</u> and
CUDAHY*, <u>Circuit Judge</u>

(Opinion filed: December 20, 2004)

*Honorable Richard D. Cudahy, Circuit Court Judge for the Seventh Circuit,
sitting by designation.

OPINION

**ROTH**, Circuit Judge:

Christopher Wendell Hartman was sentenced as a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines by the United States District Court for the Western District of Pennsylvania following his March 2003 guilty plea to conspiracy to distribute cocaine. Hartman appeals his sentence, arguing that one of the predicate convictions relied on by the District Court to establish his status as a career offender should not count because, although he was charged and convicted as an adult, he was sentenced as a youthful offender. A separate panel of this circuit rejected an identical argument in *United States v. Moorer*, 383 F.3d 164 (3d Cir., 2004). Accordingly, we will affirm Hartman's judgment of sentence.

Section 4B1.1 of the Sentencing Guidelines provides that a defendant must have at least two prior qualifying felony convictions to be sentenced as a career offender.[1] Hartman concedes that his drug trafficking conviction from 1996 counts as a predicate

---

[1] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

conviction. However, Hartman contends that his 1991 conviction on kidnaping and related charges should not count because he was sentenced as a youthful offender. Hartman committed the relevant offense conduct in July 1990 at age sixteen. He was charged as an adult in Dade County Circuit Court in Miami, Florida, and pled no contest to the charges. Hartman was sentenced as a youthful offender pursuant to Florida Stat. Ann. § 958.04. The court placed Hartman on community control for a term of six years with the special condition that he be committed to the Department of Corrections and imprisoned for a term of four years.

The Guidelines define "prior felony conviction" to mean "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, . . . regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, cmt. n.1. The Guidelines further provide that "[a] conviction for an offense committed prior to age eighteen is an adult conviction if it classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *Id.* There is no question that Hartman's 1991 conviction was classified as an adult conviction and punishable by a term of imprisonment exceeding one year.

However, Hartman points to U.S.S.G. § 4B1.2, cmt. n.3, which explains that the provisions of § 4A1.2 "are applicable to the counting of convictions under § 4B1.1." Section 4A1.2(d)(1) provides, in turn, that an offense committed prior to age eighteen counts toward a defendant's criminal history if "the defendant was convicted as an adult

3

and received a sentence of imprisonment exceeding one year and one month." On its face this seems unavailing, as Hartman *was* convicted as an adult and *did* receive a four-year term of imprisonment as a condition of his six-year term of community control. However, note 7 of the Guidelines commentary to this section provides that "for offenses committed prior to age eighteen, only those that resulted in *adult sentences* of imprisonment exceeding one year and one month . . . are counted." U.S.S.G. § 4A1.2, cmt. n.7 (emphasis added). Following the lead of the Fourth Circuit in *United States v. Mason*, 284 F.3d 555, 559 (4th Cir. 2002), Hartman contends that this reference to "adult sentences" means that a conviction prior to age eighteen "counts only if [the defendant] was both convicted *and* sentenced as an adult." Hartman argues that his youthful offender sentence was more like a juvenile sentence than an adult sentence and therefore cannot be counted as a predicate conviction under § 4B1.1.

We need not decide whether Hartman received an "adult sentence" because a separate panel of this Court recently rejected the Fourth Circuit Court of Appeals' interpretation of § 4A1.2 and application Note 7 in *Moorer*, 383 F.3d 164. The court in *Moorer* agreed with the Ninth Circuit Court of Appeals in *United States v. Carillo*, 991 F.2d 590, 593-94 (9th Cir. 1993), that the phrase "adult sentences of imprisonment" in Note 7 is simply a "shorthand reference" to the phrase "convicted as an adult and received a sentence of imprisonment" in § 4A1.2(d)(1). *Moorer*, 383 F.3d at 168 (quoting *Carillo*, 991 F.2d at 593-94). The court in *Moorer* noted that the Fourth Circuit's interpretation of

4

Note 7 to require an "adult sentence" in addition to an "adult conviction" would impose "a significant new element to criminal history calculations that is unstated in the actual text of the Guidelines." *Id.* (citing *Carillo*, 991 F.2d at 594). The court further observed that the Fourth Circuit's interpretation would conflict with application Note 1 to section 4B1.1, which specifically directs courts to examine only the *maximum* sentence that may be lawfully imposed for a given offense while ignoring the *actual* sentence imposed. *Id.* Accordingly, the court in *Moorer* held that "an adult conviction qualifies as a 'prior felony conviction' for purposes of career offender status whether the conviction results in an 'adult' or 'juvenile' sentence." *Id.* Because it is conceded that Hartman's 1991 conviction was an adult conviction, we hold that the District Court properly relied on that conviction in its determination that Hartman should be sentenced as a career offender.[2]

---

[2] Hartman also argues that his sentence violates *Blakely v. Washington*, 124 S. Ct. 2531 (2004). However, *Blakely* simply applied the rule expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which states that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime . . . must be submitted to a jury." (Emphasis added). The determination of Hartman's status as a career offender rests on the application of the Guidelines to the "fact of [Hartman's] prior conviction[s]." Accordingly, even if *Blakely* applies retroactively, it has no effect on this case.