

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2006

# USA v. Olfano

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4611

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Olfano" (2006). *2006 Decisions.* Paper 1757.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1757

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4611

UNITED STATES OF AMERICA

v.

JOHN OLFANO,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 04-00255)
Honorable James M. Munley, District Judge

Submitted under Third Circuit LAR 34.1(a)
December 9, 2005

BEFORE: RENDELL, FISHER and GREENBERG, Circuit Judges

(Filed: January 12, 2006)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Defendant-appellant John Olfano pleaded guilty to a one-count superseding

information charging him with receipt of child pornography in violation of 18 U.S.C. §

2252(a)(2). As part of his pre-Booker plea agreement, see United States v. Booker, 543

U.S. 220, 125 S.Ct. 738 (2005), he agreed to waive any right to have a jury determine whether there were facts that might enhance his offense level and agreed that a judge could make that determination by a preponderance of the evidence. The presentence report included a determination that he had engaged in a "pattern of activity involving the sexual abuse or exploitation of a minor" as set forth in U.S.S.G. § 2G2.2(b)(4).[1] Olfano objected to that determination, but the district court adopted it, resulting in a 5-level enhancement of his offense level. The court ultimately calculated that Olfano's offense level was 36 and his criminal history category was I, yielding a sentencing level of 188 to 235 months. In the absence of the 5-level offense level increase under section 2G2.2(b)(4) his sentencing range would have been 108 to 135 months. The court sentenced Olfano to a 188-month custodial term to be followed by three years of supervised release. Olfano appeals. The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review over questions of law, including the district court's interpretation of the Sentencing Guidelines. See United States v. Moorer, 383 F.3d 164, 167 (3d Cir. 2004).

On this appeal Olfano contends that the court erred in imposing the 5-level pattern of activity enhancement because the conduct on which it based the enhancement was both too remote in time and too different in kind from the offense here to justify the

---

[1]The guideline has been redesignated as 2G2.2(b)(5).

enhancement. He also contends that the court erred as it did not treat the guidelines as advisory. The government answers that the 5-level enhancement was justified and that by waiving his right to have a jury decide the sentence-enhancing facts Olfano rendered it unnecessary for him to be resentenced.

We will reverse and remand for resentencing in accordance with United States v. Davis, 407 F.3d 162, 165 (3d Cir. 2005) (en banc), because the court did not treat the guidelines as advisory. In reaching our result we have not overlooked our opinion in United States v. Lockett, 406 F.3d 207 (3d Cir. 2005), in which, as the government notes, we "recently upheld and enforced a defendant's appellate waiver contained in a pre-Booker plea agreement, and held that the waiver precluded resentencing under Booker." Appellee's br. at 16. Rather, we find that Lockett involved a different issue than that here as there is no suggestion that Olfano waived his right to appeal or that he waived the right to have the court treat the guidelines as advisory.

For the foregoing reasons the judgment of conviction and sentence entered December 14, 2004, will be reversed but only with respect to the sentence. We will remand the case to the district court for resentencing.