

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2007

# USA v. Speaks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2987

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Speaks" (2007). *2007 Decisions.* Paper 924.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/924

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2987

———————

UNITED STATES OF AMERICA

v.

LAWRENCE M. SPEAKS, II,

Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 05-00028)
Honorable John E. Jones, III, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
June 7, 2007

BEFORE:  SMITH and GREENBERG, Circuit Judges, and
POLLAK,* District Judge

(Filed: June 18, 2007)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

———————

*Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

Lawrence M. Speaks, II, appeals from a judgment of conviction and sentence entered on June 5, 2006, on an indictment charging a violation of 18 U.S.C. §§ 2113(d) and 2, armed bank robbery, based on his plea of guilty. The district court sentenced Speaks to a custodial term of 84 months to be followed by a three-year term of supervised release. In addition, the court ordered that he pay restitution of $3,616.35. The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The parties agree that we exercise plenary review on this appeal and we agree with them. See United States v. Moorer, 383 F.3d 164, 167 (3d Cir. 2004).

This appeal is very narrow because Speaks does not challenge the conviction and limits his challenge only to the length of the custodial sentence. Moreover, the challenge to the custodial sentence is confined to a contention that the court in making its guideline calculations improperly classified him as a career offender under U.S.S.G. § 4B1.1. That argument in turn has two prongs: a constitutional prong contending that the court could not classify him as a career offender as the indictment did not so charge him and a jury did not determine beyond a reasonable doubt that he was such an offender, and a statutory prong arguing that his prior convictions could not be used as a basis to classify him as a career offender upon his commission of the current offense. We need not discuss the constitutional argument because Speaks concedes that existing Supreme Court precedent in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998), precludes

2

that argument and that unless that Court overrules its precedent we are bound to follow it. His concession is justified. See United States v. Coleman, 451 F.3d 154, 161 (3d Cir. 2006), cert. denied, 127 S.Ct. 991 (2007). Thus, we need only consider his statutory argument.

Inasmuch as the parties are in agreement that with the career offender classification the district court correctly determined that Speaks's advisory guideline range was 188 to 235 months and that without such a classification it would have been 110 to 137 months, it is unnecessary to explain how these calculations were reached. We do observe, however, that the court was able to sentence Speaks to a shorter sentence than 188 months because it granted the government's motion under U.S.S.G. § 5K1.1 to depart from the guidelines range.

Before reaching the merits, we point out that it might be argued that this appeal is moot because the 84-month custodial sentence was below the bottom of the guideline range calculated without regard for the career offender classification. Moreover, it cannot be certain that the district court would have departed to the degree that it did under U.S.S.G. § 5K1.1 if it had not classified Speaks as a career offender. Thus, elimination of Speaks' career offender classification might not ensure that his sentence would be reduced. But inasmuch as we cannot say whether and if so to what extent the court would have departed under U.S.S.G. § 5K1.1 if it had not applied the career offender categorization, this appeal is not moot as a reversal and a remand for resentencing might

3

result in the court awarding a custodial sentence of less than 84 months.

Under U.S.S.G. § 4B1.1, a defendant is a career offender if he was at least 18 years of age at the time of the instant offense, the instant offense is a conviction for a crime of violence or is a controlled substance offense, and the defendant has at least two prior felony convictions under federal or state law, for either a crime of violence or a controlled substance offense. As used in U.S.S.G. § 4B1.1, a crime must be "punishable by imprisonment for a term exceeding one year" to be a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.2. The one-year period is determined on the basis of the sentence authorized rather than the sentence imposed. United States v. McAllister, 927 F.2d 136, 138 (3d Cir. 1991). In this case, there is no dispute over the first two elements of U.S.S.G. § 4B1.1. Thus, we are concerned only with whether the prior convictions were for crimes of violence or controlled substance offenses punishable for a term exceeding one year.

Clearly his three prior offenses, all Pennsylvania state offenses, are crimes of violence or controlled substance offenses under U.S.S.G. § 4B1.1 and § 4B1.2. One offense was for recklessly endangering another person. Under the statutory provision involved, 18 Pa. Cons. Stat. Ann. § 2705 (West 2000), a person commits that offense when he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." Under U.S.S.G. § 4B1.2(a)(2) a crime of violence includes conduct "that presents a serious potential risk of physical injury to

4

another."  When the statute and the guideline are compared, it is obvious that they mesh. Furthermore, the reckless endangerment offense was punishable by imprisonment for a term of more than one year.  See 18 Pa. Cons. Stat. Ann. § 1104 (West 1998).

The other two offenses were controlled substance offenses for possession of marijuana with intent to distribute.  The charges in these offenses were controlled substance offenses under U.S.S.G. § 4B1.1 and thus the dispute regarding them is over whether under Pennsylvania law they were "punishable by imprisonment for a term exceeding one year."  But Speaks concedes that under the applicable Pennsylvania law he "could have received a sentence of two and a half to five years," for these offenses. Appellant's br. at 10.  It is true that he contends that as a practical matter "given the nature of the substance and the quantity, a sentence in excess of one year was a virtual impossibility."  Id. at 11.  Of course, what ordinarily might happen does not matter.  The offenses were punishable by imprisonment for a term exceeding one year and thus they are controlled substance offenses within U.S.S.G. § 4B1.1.

The judgment of conviction and sentence entered June 5, 2006, will be affirmed.