**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1969
_____

UNITED STATES OF AMERICA

v.

STEVEN I. WALLACE,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:10-cr-182-02)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 5, 2011

Before: HARDIMAN, BARRY, and VAN ANTWERPEN,
Circuit Judges

(Filed: December 06, 2011)

James V. Wade, Esq.
Ronald A. Krauss, Esq.
Asst. Federal Public Defender — Appeals
100 Chestnut Street, Suite 306
Harrisburg, Pennsylvania 17101
           *Counsel for Appellant*

Peter J. Smith, Esq.
Stephen R. Cerutti II, Esq.
United States Attorney's Office
Middle District of Pennsylvania
Ronald Reagan Federal Building
Suite 220
228 Walnut Street
Harrisburg, Pennsylvania 17108
           *Counsel for Appellee*

———

OPINION OF THE COURT
———

VAN ANTWERPEN, *Circuit Judge*.

## I. Background

Steven Wallace pleaded guilty to criminal conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. The District Court sentenced him to 70 months of imprisonment. Wallace appeals his sentence, arguing that the District Court committed procedural error by classifying a crime he committed at the age of sixteen as a "prior felony conviction" under § 4B1.2 of the U.S. Sentencing Guidelines Manual (hereinafter

2

"Guidelines").  For the reasons set forth below, we will affirm the District Court's sentence.

The factual and procedural history of this case may be summarized as follows.  On June 9, 2010, a grand jury returned a single-count indictment charging Wallace, along with three others, with engaging in a conspiracy to distribute and possess with intent to distribute in excess of 50 kilograms of marijuana.  Later, Wallace reached an agreement with the Government whereby the Government filed an information charging him with conspiring to distribute and possess with intent to distribute an unspecified amount of marijuana. Wallace pleaded guilty to this charge on November 23, 2010.

The United States Probation Office submitted a pre-sentence report ("PSR") calculating Wallace's guideline range as 77 to 96 months of incarceration.  Both the offense level and criminal history calculation was based on Wallace's designation as a career offender under § 4B1.1 of the Guidelines.  The PSR included a New York State conviction for first degree robbery ("New York State conviction"). Wallace was sixteen years old at the time of his arrest for this offense, seventeen years old at the time of the conviction, and was granted a "youthful offender" adjudication by the New York State court.[1]   The District Court concluded that the

---

[1]   Under New York law, an individual between the ages of sixteen and nineteen may be deemed an "eligible youth" if he is charged with a criminal offense and fulfills other specified conditions.  N.Y. CRIM. PROC. LAW § 720.10(1)-(2).   If classified as an eligible youth, the court will vacate and replace the conviction with a youthful offender finding. *Id*. at § 720.20(3).

conviction should be considered for the career offender designation. The New York State conviction, and Wallace's 2002 conviction in the United States District Court for the Eastern District of New York for conspiring to import cocaine, provided the requisite convictions to find Wallace was a career offender under § 4B1.2. This in turn increased Wallace's Guidelines Sentencing range.

Wallace filed a number of objections to the PSR, including a challenge to the use of the New York State conviction as a basis for his classification as a career offender. Wallace asserted that the Government had failed to demonstrate that the New York State conviction should be considered an adult conviction for the purposes of the career offender enhancement. The District Court disagreed with Wallace, classified the offense as such, and included the career offender enhancement in the sentencing calculation.

Ultimately the District Court granted Wallace a one-level downward departure regarding his criminal history, and sentenced him to 70 months of incarceration and 4 years of supervised release. Wallace timely appealed his sentence and claims error in the District Court's career offender enhancement.

## II. Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## III. Standard of Review

4

We review a district court's interpretation of the Guidelines *de novo*, *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008), while reviewing the sentence for abuse of discretion. *United States v. Grober*, 624 F.3d 592, 599 (3d Cir. 2010).

## IV. Discussion

On appeal, Wallace argues that his New York State youthful offender adjudication is not an adult conviction and thus not an eligible predicate offense for career offender status.[2] Wallace contends that rather than considering the New York State conviction for first degree robbery, the District Court should have followed a four-element inquiry regarding the classification of a New York State youthful offender adjudication that Wallace fashions from a line of Second Circuit cases. *See United States v. Driskell*, 277 F.3d 150, 154-55 (2d Cir. 2002) ("[A] court may consider a defendant's eligible past conviction, even when that conviction has been vacated and deemed a youthful offender adjudication under New York law, in those situations where, as here, the defendant although under age eighteen was tried in an adult court, convicted as an adult, and received and served a sentence exceeding one year and one month in an

---

[2] Wallace partly relies upon the fact that when he was sentenced in 2002 in the United States District Court for the Eastern District of New York, the judge presiding over his sentencing did not consider his youthful offender adjudication. The District Court provided no explanation as to why the conviction was not considered, and regardless, its decision on how to handle the youthful offender adjudication is not binding in this case.

5

adult prison.").[3]   Had the District Court done so,[4] Wallace's four month sentence in a non-adult facility would not have satisfied the requirements that the sentence exceed one year and one month in an adult facility, and therefore the conviction would not have been counted for career offender status.

Wallace's proposed adoption of this framework leads to his second argument: the District Court did not possess the information required to properly analyze the elements. Because the District Court did not have the information, Wallace argues that it could not have conducted the proper analysis.

We reject Wallace's arguments, and will affirm the District Court in all respects.

---

[3] Wallace misconstrues the Second Circuit cases on which he relies.  *Driskell* concerned §§ 4A1.1 and 4A1.2(d) of the Guidelines, not the career-offender provisions at issue here. 277 F.3d at 155.  Before increasing a defendant's criminal history by three points, § 4A1.2(d)(1) requires that the defendant received a sentence of greater than thirteen months for the predicate offense.  *See* U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 cmt. n.7.  Because §§ 4B1.1 and 4B1.2 have no similar requirement, we decline to apply *Driskell* to the career-offender guideline at issue in this case.

[4] The District Court and counsel on appeal repeatedly refer to *United States v. Salah*, 185 F. App'x 147 (3d Cir. 2006). While they may refer to that case, we note that it is not our policy to rely on non-precedential cases in reaching our decision.

## A.

The definition of "career offender" is set forth in § 4B1.1(a) of the Guidelines.  The Guidelines clearly set three requirements:

> "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a).

The first two requirements are satisfied here and are not challenged by Wallace.  The third requirement, regarding two prior felony convictions, is the focus of his appeal.  Note 1 of the Commentary to § 4B1.2 provides the definition of "prior felony conviction":

> "For purposes of [the career offender] guideline…. 'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.  A conviction for an offense committed at age eighteen or older is an adult

7

conviction. A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted . . . ."

U.S. SENTENCING GUIDELINES MANUAL § 4B1.2, cmt. n.1.

Wallace argues his youthful offender adjudication is not an eligible predicate offense that qualifies as a "prior felony conviction" under this definition. Wallace bases this argument on his view that this Court should adopt the four-element inquiry[5] to determine whether a juvenile conviction qualifies as a "prior felony conviction."[6]

---

[5] Again the four elements would be where the defendant (1) was tried in an adult court, (2) convicted as an adult, (3) received and, (4) served a sentence exceeding one year and one month in an adult prison. *See Driskell*, 277 F.3d at 154-55.

[6] In his reply brief, Wallace states that he is not advocating for the adoption of "any rigid test," but rather for the "Second Circuit law [that] requires a non-categorical approach to the youthful offender/adult conviction issue, which examines 'the substance of the prior conviction' . . . ." Any non-categorical approach would run counter to *United States v. Moorer*, 383 F.3d 164 (3d Cir. 2004), as well as the language of Note 1 of the Commentary to § 4B1.2, as discussed below. A non-categorical approach would have to include some type of analysis and focus on the facts of the prior conviction. We have considered Wallace's position to be that the appropriate non-categorical approach in this case would be to focus on

This Court has made plain that Note 1 to § 4B1.2 "dictates that the career offender inquiry examine only whether the convictions in question are adult convictions, and not what kind of sentences resulted from those convictions." *United States v. Moorer*, 383 F.3d 164, 168 (3d Cir. 2004). In *Moorer* the defendant-appellant was convicted of drug offenses and classified as a career offender because of two prior felony convictions. *Id*. at 166. Moorer argued that one of the prior convictions should not be counted because he was sentenced as a juvenile, not an adult. *Id*. at 167. This Court stated "the Guidelines belie Moorer's premise that an adult conviction must be accompanied by an adult sentence to count toward career offender status." *Id*. This was because the language in Note 1 of the Commentary to § 4B1.2 specifically states that a "prior felony conviction" is determined by courts "regardless of the actual sentence imposed." *Id*. "[W]here or for how long the defendant is *actually* sentenced is of no import." *Id*. (emphasis in original).

The four-element inquiry that Wallace advocates would similarly contradict the Commentary to § 4B1.2. The fourth element of the inquiry requires the defendant to have served a sentence exceeding one year and one month in an adult prison. But as this Court held in *Moorer*, Note 1 of the Commentary to § 4B1.2 specifically states that a "prior felony conviction" is determined by courts "regardless of the actual sentence imposed." *Moorer*, 383 F.3d at 167. Wallace's proposed analysis thus contravenes this Court's precedent, as well as the language of the Guidelines,

the same facts that the Second Circuit has focused on in cases like *Driskell*.

because the length of the sentence and the type of facility where it is served are irrelevant.

In the case before the Court, although we deal with New York rather than New Jersey law, *Moorer* requires that we determine if the conviction is an adult conviction. Our analysis is straightforward because although New York's youthful offender statute vacates and replaces a prior conviction, the juvenile eligible for such an adjudication must first be "convicted as an adult." *Driskell*, 277 F.3d at 154-55; *see also United States v. Reinoso*, 350 F.3d 51, 54 (2d Cir. 2003) ("[Y]outhful offender adjudication does not alter the substance of the defendant's adult conviction."). Thus it is clear that under New York law that Wallace's conviction was an adult conviction, regardless of the subsequent youthful offender adjudication. For that reason it was proper for the District Court to consider the conviction in determining Wallace's career offender status. Accordingly, we will affirm the District Court's sentence.

### B.

Wallace's second argument is that because the New York State records are sealed, the District Court lacked the requisite information to conduct a proper analysis of the substance of the state proceedings, as required by the four-element inquiry he advocates. Because we hold that the four-element inquiry is not the proper method to analyze the issue discussed above, and because the length of the sentence is irrelevant according to Note 1 of the Commentary to § 4B1.2, this argument need not be addressed.

## V. Conclusion

For the foregoing reasons, we will affirm the appellants conviction and the District Court's judgment of sentence.