NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011
Decided February 10, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1996

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 08-10050-001 |
| | |
| DEANDRE L. BOBO, | Michael M. Mihm, |
| *Defendant-Appellant*. | *Judge.* |

**O R D E R**

Deandre Bobo arranged to sell crack cocaine to a confidential source working for the Peoria police. The source, wearing an electronic monitoring device, met Bobo and purchased approximately 61 grams of crack cocaine with money provided by the police. Bobo pleaded guilty without a plea agreement to distributing more than 50 grams of crack cocaine, *see* 21 U.S.C. § 841(a)(1), and was sentenced as a career offender to 240 months in prison, slightly lower than the calculated range of 262-327 months. Bobo appeals but his appointed lawyer cannot identify any nonfrivolous arguments to pursue and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Bobo has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

On appeal Bobo seeks to set his guilty plea aside, so counsel properly considers whether Bobo could challenge the adequacy of the plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). In district court Bobo moved to withdraw his guilty plea five days after he initially pleaded guilty; after a hearing the court granted his motion. But Bobo changed his mind just two days later and pleaded guilty again after another plea colloquy. Four months passed, a presentence investigation report was prepared, and Bobo again moved to withdraw his guilty plea. The district court denied this motion to withdraw, noting that the court had addressed any problems when it permitted Bobo to withdraw his first guilty plea. Bobo moved to withdraw his plea two more times, but he withdrew each motion voluntarily.

Because Bobo ultimately stood by his guilty plea, our review would be only for plain error. *See* FED. R. CRIM. P. 52(b); *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010). We agree with counsel that any challenge to the voluntariness of Bobo's plea would be frivolous. The district court conducted an extensive plea colloquy with Bobo, advising him, among other things, of the charges against him and the corresponding statutory penalties, his right to plead not guilty, and his right to a jury trial at which he would be represented by counsel and could cross-examine adverse witnesses. *See* FED. R. CRIM. P. 11(b)(1)(B)-(I). The judge asked Bobo if he understood the consequences of his guilty plea and the rights he was giving up, and Bobo responded unequivocally that he did. *See id.* at 11(b)(1)(N). The government recounted the factual allegations against Bobo at length, and Bobo admitted that the allegations were true. And Bobo ultimately reaffirmed his second guilty plea by withdrawing his motions to withdraw. *See Doe v. United States*, 51 F.3d 693, 700-01 (7th Cir. 1995).

Counsel next considers whether the district court committed error when it denied Bobo's objection to the application of the career-offender guideline, but properly concludes that a challenge to that denial would be frivolous. Before he was sentenced, Bobo argued that the court should not have applied the career-offender provision because he committed one of his prior felonies before turning 18 years old (he committed residential burglary when he was 17). A defendant is a career offender if (1) he was at least 18 when he committed the present offense; (2) the present offense is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least 2 prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Although Bobo was only 17 when he was convicted for residential burglary, the offense may constitute a prior felony for career offender purposes if it was classified as an adult conviction in Illinois. *See* U.S.S.G. § 4B1.2(a), cmt. n.1; *United States v. Otero*, 495 F.3d 393, 401 (7th Cir. 2007). The Presentence Investigation Report classified it as such, noting that Bobo had pleaded guilty in the Peoria County Circuit Court to the charge, for which he

received a 4-year sentence.  Bobo could not have received a sentence for a definite term of 4 years if the state had been proceeding under the Illinois Juveniles Court Act, § 5-750(3). *United States v. Gregory*, 591 F.3d 964, 968 (7th Cir. 2010).  In any event Bobo received a below-guidelines sentence, and we would presume any below-guidelines sentence to be reasonable.  *See United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).

Finally, counsel considers whether Bobo could argue that trial counsel was ineffective when he failed to investigate all evidence related to the confidential source.  But a claim of ineffective assistance would more properly be presented on collateral review, where the record could be more fully developed.  *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

We therefore GRANT counsel's motion to withdraw and DISMISS Bobo's appeal.