NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2011
Decided May 25, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 10-1275

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-30032-001 |
| RICHARD PARRISH, *Defendant-Appellant*. | Jeanne E. Scott, *Judge*. |

**O R D E R**

Richard Parrish pleaded guilty to two counts of distributing crack cocaine, *see* 21 U.S.C. § 841(a)(1), after he sold drugs to a government informant. At sentencing Parrish conceded that he was responsible for distributing between 500 grams and 1.5 kilograms of crack cocaine. The district court then determined that he was a career offender, *see* U.S.S.G. § 4B1.1, and sentenced him to 250 months' imprisonment, one year below the bottom of the guidelines range. Parrish appeals, but his appointed counsel contends that the case is frivolous and seeks permission to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Parrish opposes counsel's submission. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief and Parrish's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begins by considering whether Parrish could challenge the adequacy of the plea colloquy or the voluntariness of his pleas. But Parrish has given no indication that he wants his guilty pleas set aside, so counsel needn't have discussed these issues. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel and Parrish propose challenging the career-offender designation by arguing that Parrish lacks the two prior felony convictions for either a controlled-substance offense or a crime of violence that are required to satisfy § 4B1.1(a)(3). The district court concluded that Parrish was a career offender based on his prior convictions for second-degree murder, distributing a controlled substance, and domestic battery. Counsel and Parrish concede that the controlled-substance conviction is a qualifying offense, but they consider disputing the remaining two. They propose arguing that the second-degree murder conviction cannot support a career-offender designation because Parrish was 15 at the time of the offense, and he served his sentence in a juvenile facility. This argument would be frivolous, however, because, as counsel acknowledges, Parrish was tried and convicted as an adult, and our analysis turns on how a juvenile was convicted rather than how he was sentenced. *United States v. Gregory*, 591 F.3d 964, 967 (7th Cir. 2010). Counsel and Parrish also consider arguing that the domestic-battery offense was nonviolent because the victim offered to testify at Parrish's sentencing that she was not injured, but that argument would also be frivolous. The victim's proposed testimony would be irrelevant because we consider only the battery conviction itself and not the underlying facts to decide if an offense is a crime of violence. *See Begay v. United States*, 553 U.S. 137, 141 (2008); *United States v. Woods*, 576 F.3d 400, 403-04 (7th Cir. 2009). And in any event Parrish's drug and second-degree murder convictions suffice to qualify him for career-offender status, so any challenge to the district court's reliance on the domestic-battery conviction would be doubly frivolous.

Counsel next evaluates whether, career-offender status notwithstanding, Parrish could challenge the district court's guidelines calculations. He correctly concludes that a challenge to Parrish's criminal history would be frivolous because § 4B1.1(b) mandates a criminal history category of VI for career offenders. He also considers arguing that the district court should have accounted for the disparity between crack and powder cocaine when setting Parrish's base offense level, but correctly concludes that such an argument would have made no difference. A career offender's base offense level is determined by the statutory maximum sentence for the underlying offense. *See* U.S.S.G. § 4B1.1(b); *United States v. Liddell*, 543 F.3d 877, 882 (7th Cir. 2008). At the time of Parrish's offense, a conviction for distributing more than 500 grams of cocaine (whether crack or powder), when coupled with a prior felony drug conviction, carried a statutory maximum sentence of life imprisonment, which yields a base offense level of 37. *See* U.S.C. § 841(b)(1)(A), (B) (2006); U.S.S.G. § 4B1.1(b). (The Fair Sentencing Act of 2010 changed these threshold quantities, but the Act is not retroactive, *see United States v. Bell*, 624 F.3d 803, 814 (7th Cir.

2010), so those changes are irrelevant here.) Thus Parrish's base offense level would have been 37 irrespective of the type of cocaine involved, so it would be frivolous to challenge his offense level on this ground.

Finally, counsel examines whether Parrish could argue that his below-range sentence is unreasonably high. Parrish asked the district court to consider his personal characteristics and the disparity between crack and powder cocaine as grounds for imposing a below-guidelines sentence. The district court reduced Parrish's sentence by one year based on testimony from his family about his generosity and caring nature, but disagreed that the disparity between crack and powder cocaine warranted a further reduction. Because the district court considered both of Parrish's arguments in favor of a reduced sentence and took into account the relevant factors under 18 U.S.C. § 3553(a), it would be frivolous to try to overcome the presumption of reasonableness that applies to below-guidelines sentences. *See United States v. Curb*, 626 F.3d 921, 927 (7th Cir. 2010).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.