**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2021
Decided June 30, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2517

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 3:18-CR-50004(1) |
| ANTWAN D. MANLEY,<br>*Defendant-Appellant*. | Philip G. Reinhard,<br>*Judge*. |

**O R D E R**

Antwan Manley pleaded guilty to possession with the intent to distribute heroin, cocaine derivatives, and marijuana, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). After designating Manley a career offender under U.S.S.G. § 4B1.1, the district court sentenced him to a below-guidelines prison term of 214 months followed by 3 years' supervised release. Manley appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Because counsel's brief appears thorough and addresses potential issues that an appeal of this kind would be expected to involve, we limit our review to the subjects discussed by counsel as well

as those raised by Manley in his response under Circuit Rule 51(b). *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel represents that she consulted with Manley and confirms that he does not wish to withdraw his guilty plea, so she properly omits discussion of any arguments related to the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel evaluates whether Manley could challenge his career-offender designation on grounds that two prior convictions were not predicate offenses for purposes of § 4B1.1(a). Regarding the first of the two convictions, aggravated robbery under 720 ILCS 5/18-5(a), counsel notes that Manley committed the offense when he was only 16. But counsel properly concludes that any challenge based on Manley's juvenile status would be frivolous. "[T]he critical question is whether the juvenile was convicted as an adult." *United States v. Gregory*, 591 F.3d 964, 967 (7th Cir. 2010). Manley pleaded guilty in the adult division of the state's criminal court, and his five-year sentence easily met the requirement of § 4B1.2(a) that the offense be punishable by a prison term exceeding one year. *See also* § 4B1.2, app. n.3 (cross-referencing U.S.S.G. § 4A1.2(d)). Counsel also appropriately declines to argue that Illinois Aggravated Robbery did not qualify as a "crime of violence" under the career-offender guideline. Not only is robbery an enumerated offense under § 4B1.2(a)(2), but aggravated robbery was defined as the taking of property "by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-5(a) (2009); *see* § 4B1.2 ("The term 'crime of violence' means any offense . . . that has as an element the use . . . or threatened use of physical force.").

As for the second of the predicate convictions, possession with intent to deliver heroin, 720 ILCS 570/401(c)(1), counsel rightly concludes that Manley waived any challenge on this basis. In response to the presentence investigation report, which identified this conviction as a predicate offense, Manley filed a sentencing memorandum that objected only to his robbery conviction as a predicate. He ended the memorandum by stating that he did "not have any additions, corrections, or clarifications to his PSR." By objecting to certain parts of the PSR and not others, he signaled his awareness of his right to challenge some findings and forgo others; his decision not to contest the inclusion of the heroin-possession charge was a waiver. *See United States v. Hathaway*, 882 F.3d 638, 641 (7th Cir. 2018) (citing *United States v. Brodie*, 507 F.3d 527, 531–32 (7th Cir. 2007)).

Counsel next considers whether Manley could attack the calculation of his sentencing range but properly concludes that doing so would be frivolous. As a career offender receiving a three-level reduction in his offense level for accepting responsibility, Manley's § 924(c) conviction carried a range of 262 to 327 months. § 4B1.1(c)(3). Meanwhile, his § 841(a)(1) conviction carried an offense level of 29, § 4B1.1(b), which—coupled with a career offender's criminal history category of VI—subjected him to a range of 211 to 248 months (151 to 188 months plus § 924(c)'s requisite five-year consecutive sentence). The district court correctly adopted the "greater" of the two ranges—262 to 327 months. § 4B1.1(c)(2)(A)–(B).

Counsel also appropriately declines to challenge the substantive reasonableness of Manley's sentence. Manley's 215-month sentence is below the guidelines range, so we would presume it to be reasonable. *See United States v. Norwood*, 982 F.3d 1032, 1058 (7th Cir. 2020). Addressing the sentencing factors under 18 U.S.C. § 3553(a), the court alluded to the serious nature of the offenses (given his possession at the time of a loaded gun and the harm done by distributing heroin), Manley's history and characteristics (he was raised in a difficult environment, susceptible to gangs, and yet he also was a "repeat offender"), and the need for deterrence and protection of the public (to encourage his own reform and discourage others who might contemplate entering the drug trade).

Finally, counsel rightly determines that Manley cannot make a non-frivolous argument challenging his supervised release. The length, three years, is the minimum mandated by statute for a conviction under § 841(a)(1). § 841(b)(1)(C). Aside from two inapplicable exceptions, district courts lack the discretion to impose a sentence below the statutory minimum. *United States v. Moody*, 770 F.3d 577, 580 (7th Cir. 2014). As for the conditions of supervision, Manley waived any challenge to them by explicitly agreeing to the conditions (he and the government jointly stipulated before his sentencing hearing to certain mandatory, discretionary, and special conditions that the court then adopted in full at sentencing). *See United States v. Flores*, 929 F.3d 443, 449 (7th Cir. 2019).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.