**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4280**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OLANDER RAYMOND RICHARDSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:16-cr-00337-NCT-1)

Submitted:  February 13, 2018                Decided:  February 20, 2018

Before DUNCAN, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  John Mcrae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olander Raymond Richardson appeals from his conviction and 160-month sentence entered pursuant to his guilty plea to distribution of cocaine base. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the reasonableness of Richardson's sentence. Richardson has filed a pro se supplemental brief, raising various issues discussed below. After a comprehensive review of the record and briefs on appeal, we affirm.

When reviewing a criminal sentence, we must first ensure that the district court did not commit a significant procedural error, such as improperly calculating the Sentencing Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district court's factual findings for clear error and legal conclusions de novo. *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017). If there is no procedural error, we consider the substantive reasonableness of the sentence for abuse of discretion. *Gall*, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012). A defendant can only rebut the presumption by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Counsel questions whether Richardson's sentence was greater than necessary to accomplish the goals of sentencing. The record reflects that the district court properly calculated Richardson's Guidelines range and reasonably determined that a sentence

within the Guidelines range was appropriate in his case. The court considered Richardson's arguments and, in fact, adopted them as reasoning for the decision not to depart upwards. Further, the court made an individualized assessment based on the facts presented, applied relevant § 3553(a) factors to the specific circumstances of the case and to Richardson, and adequately explained its sentence.

Turning to Richardson's pro se brief, he first asserts that a prior state conviction should not have been counted as a predicate career offender conviction because he was only 17 when he was convicted. In order to qualify as a "prior felony conviction" for purposes of career offender treatment under U.S. Sentencing Guidelines Manual (USSG) § 4B1.1(a)(3) (2016), the prior convictions must each be "a prior adult federal or state conviction." USSG § 4B1.2 cmt. n.1. If the prior conviction was for an offense committed prior to age 18, it qualifies as "an adult conviction" only if it was "classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *Id.*; *see United States v. Mason*, 284 F.3d 555, 562 (4th Cir. 2002).

Richardson does not allege that his conviction was a juvenile conviction, and the record does not indicate a juvenile conviction. Instead, Richardson merely contends that he was under 18 at the time of his conviction. Because Richardson's age is not the deciding factor as to whether a prior conviction can be used as a career offender predicate, this claim is without merit.

Richardson next argues that the use of his state convictions to enhance his federal sentence violated the Double Jeopardy Clause. However, enhancement of a sentence does not constitute new jeopardy or additional punishment for Richardson's earlier offenses.

3

"'It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *United States v. Garrett*, 959 F.2d 1005, 1009 (D.C. Cir. 1992) (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)).  In any event, there is no double jeopardy violation when two separate sovereigns—the United States and the state of North Carolina—prosecute an individual for the same offense.  *See Heath v. Alabama*, 474 U.S. 82, 89 (1985) (applying separate sovereign exception); *Rinaldi v. United States*, 434 U.S. 22, 28 (1977) ("[T]he Constitution does not deny the State and Federal Governments the power to prosecute for the same act.").  Accordingly, Richardson was not subjected to impermissible double jeopardy as a result of the career offender enhancement.

Richardson next asserts that he should have only been held responsible for the drugs involved in the count to which he pled guilty.  However, under USSG § 1B1.3(a)(2) (2016), drug quantities not specified in the count of conviction are considered as relevant conduct for sentencing when they are part of the same course of conduct or common plan or scheme.  At his sentencing hearing, both Richardson and counsel stated that there were no objections to the presentence report (PSR). Pursuant to Fed. R. Crim. P. 32(i)(3)(A), the sentencing court "may accept any undisputed portion of the presentence report as a finding of fact."  And even if a defendant objects to a finding in the PSR, in the absence of an affirmative showing that the information is not accurate, the court is "free to adopt the findings of the presentence report without more specific inquiry or explanation."  *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (internal quotation marks and alteration omitted). Given Richardson's utter failure to

object to the PSR's recommendation as to the drug quantities attributable to him and his related failure to affirmatively show that the information in the PSR was inaccurate, we conclude there was no error in the district court's calculation of the drug quantity.

Finally, Richardson asserts that he was subject to a superceding indictment with more serious charges and that the prosecutor "may have also engaged in prosecutorial misconduct during the Grand Jury proceeding. Whether intentional or otherwise." He contends further that his attorney "may" have failed to properly investigate this. A prosecutor may not punish a criminal defendant for exercising his rights; to do so violates due process. *United States v. Goodwin*, 457 U.S. 368, 372 (1982). To establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that "the prosecutor acted with genuine animus toward the defendant" and that "the defendant would not have been prosecuted but for that animus." *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). If a defendant cannot produce direct evidence of a vindictive motive, he can establish a rebuttable presumption of vindictiveness by showing that a "reasonable likelihood of vindictiveness exists." *Goodwin*, 457 U.S. at 373.

Here, Richardson presented absolutely no evidence of prosecutorial vindictiveness. Rather, he merely speculated that misconduct may have occurred because of his superceding indictment. This is insufficient to meet his burden. Further, because he does not establish prosecutorial vindictiveness, he cannot show that counsel was ineffective for failing to investigate. To the extent there is evidence outside of the record supporting these claims, they are more properly brought in a 28 U.S.C. § 2255 (2012) motion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Richardson's conviction and sentence. This court requires that counsel inform Richardson, in writing, of the right to petition the Supreme Court of the United States for further review. If Richardson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Richardson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*